UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

| KEN SMITH, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | Civil Action No. 10-134-ART |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM OPINION** |
| PHILLIPS & JORDAN, INC., | ) | **AND ORDER** |
| | ) | |
| Defendant. | ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

"Ali Baba may have gained access to the forty thieves' secret cave simply by saying, 'Open, Sesame!' But the door to the federal courthouse does not open quite so easily." *Miller Kent Carter & Michael Lucas, PLLC v. Pikeville Medical Center, Inc.*, No. 10-105-ART, 2010 WL 4483968, at \*1 (E.D. Ky. Nov. 1, 2010). Instead of a magic incantation, the defendants who removed this case to federal court, Phillips & Jordan, Inc. ("P&J"), present a pre-suit demand letter in which the plaintiff, Ken Smith, said that he would accept $65,000 in settlement of his claims. R. 1, Attach. 4. Because this demand letter does not establish that the amount in controversy "more likely than not" exceeds the jurisdictional minimum of $75,000, *Gafford v. Gen. Elec. Co.*, 997 F.2d 150, 158 (6th Cir. 1993), the Court will grant Smith's motion to remand.

### BACKGROUND

Smith filed a lawsuit against P&J in Kentucky state court on October 13, 2010. R. 1, Attach. 1. In his complaint, Smith alleged that he was injured when a piece of construction equipment operated by a P&J employee struck him. *Id.* ¶¶ 3-6. Smith further alleged that his

damages were "well in excess of the jurisdictional limits of [the Kentucky] Court." *Id.* ¶ 7. P&J filed a notice of removal barely a month later. P&J alleges that this Court has subject matter jurisdiction under 28 U.S.C. § 1332 because the parties are citizens of different states (it a citizen of North Carolina and Tennessee, Smith a citizen of Kentucky), *id.* ¶¶ 2-3, and that the amount in controversy exceeds the jurisdictional minimum of $75,000, *id.* ¶¶ 6-8. The only evidence that P&J submitted to establish the amount in controversy is a letter that Smith's lawyer sent to the company on September 27, 2010, offering to settle Smith's claims for $65,000. R. 1, Attach. 4. Smith filed a motion to remand his case to state court because the amount in controversy requirement is not satisfied. R. 6. Smith also requests an award of attorney's fees under 28 U.S.C. § 1447(c). *Id.* P&J responded to Smith's motion to remand, R. 7, and Smith replied, R. 8.

## DISCUSSION

When it removed this case from the Knott Circuit Court—disrupting both Smith's choice of forum and the Commonwealth of Kentucky's authority to resolve disputes involving its citizens—P&J "took upon itself the burden of proving by a preponderance of the evidence that this Court has subject matter jurisdiction." *May v. Wal-Mart Stores, Inc.*, --- F. Supp. 2d ---, No. 10-114-ART, 2010 WL 4644434, at *2 (E.D. Ky. Nov. 17, 2010) (citing *Gafford*, 997 F.2d at 158). Under 28 U.S.C. § 1332, this requires P&J to show both that the parties are citizens of different states and that the amount in controversy exceeds $75,000. P&J has alleged that the diversity requirement is satisfied, and Smith does not argue otherwise. The problem is with the amount in controversy. Smith's complaint, like all complaints in Kentucky state court, does not

demand sum-certain damages. Instead, in compliance with Ky. R. Civ. P. 8.01(2), the complaint simply alleges that Smith's damages exceed the state court's jurisdictional minimum of $4,000. R. 1, Attach. 1 ¶ 7. Without a specific demand in the complaint to point to, P&J submitted one (and only one) piece of evidence establishing the amount in controversy—the letter from Smith's attorney demanding $65,000 to settle the case. R. 1, Attach. 4. Resolving Smith's motion to remand requires the Court to answer only one question—does the demand letter by itself establish, by a preponderance of the evidence, that the amount in controversy in this case exceeds $75,000? The Court must answer this question bearing in mind the longstanding principle that "statutes conferring removal jurisdiction are to be construed strictly because removal jurisdiction encroaches on a state court's jurisdiction." *Brierly v. Alusuisse Flexible Packaging, Inc.*, 184 F.3d 527, 534 (6th Cir. 1999). For the following reasons, Smith's demand letter is not enough.

First, the amount that a party demands to settle a case is not especially strong evidence of the amount in controversy. In *May*, this Court rejected the defendant's argument that the plaintiff's demand letter, which offered to settle for the defendant's liability limits, established that the amount in controversy exceeded $75,000. 2010 WL 4644434, at *3. "It is settled that, in ascertaining the amount in controversy for jurisdictional purposes, 'where the law gives the rule, the legal causes of action, and not the plaintiff's demand, must be regarded.'" *Id.* (quoting *Parmelee v. Ackerman*, 252 F.2d 721, 722 (6th Cir. 1958)). It is true, of course, that a settlement demand is "*some* evidence" of the amount in controversy. *Id.* But a demand of $65,000 does not establish by a *preponderance* of the evidence that the amount in controversy exceeds $75,000. There are, after all, two schools of thought with respect to settlement demands. The

3

demand might be significantly more than the case is actually worth. As this Court said in *May*, "high-balling the initial settlement demand is Negotiation 101." *Id.* Or the demand might be less than the case is actually worth. As another judge in this district has recognized, "'parties routinely offer and accept settlement amounts significantly below the total amount placed in controversy by the case in order to avoid the risks that accompany a trial.'" *Hollon v. Consumer Plumbing Recovery Center*, 417 F. Supp. 2d 849, 854 (E.D. Ky. 2006) (quoting *Sayre v. Potts*, 32 F. Supp. 2d 881, 888 (S.D. W.Va. 1999)). Because there are two equally plausible ways to view Smith's settlement demand, the Court cannot say that one is correct and the other incorrect by a preponderance of the evidence. *Cf. Culp v. Virginian Ry. Co.*, 87 S.E. 187, 193 (W. Va. 1915) ("[W]here there are two equally plausible theories deducible from the evidence, on one of which the defendant would be liable, on the other not, a case justifying recovery has not been presented, for the burden is upon the plaintiff to make out his case by a preponderance of the evidence[.]"). Smith's settlement demand could plausibly mean that the actual amount in controversy is less than or equal to $65,000, or it could also plausibly mean that the actual amount in controversy is greater than $65,000. But without more, it most assuredly does not demonstrate by a preponderance of the evidence that the actual amount in controversy is greater than $75,000.

P&J counters this conclusion by identifying several cases in which federal courts have held that the amount in controversy requirement is satisfied, relying in part on pre-suit demand letters. R. 7 at 3-5. None of these cases help P&J's cause. Several of them involved initial settlement demands that were well in excess of $75,000. *See Whisman v. Perdue Farms*, No.

4

5:07-55-JMH, 2007 WL 1150287, at *1 (E.D. Ky. Apr. 18, 2007) ($100,000 settlement demand); *Osborne v. Pinsonneault*, No. 4:07CV-2-M, 2007 WL 710131, at *1 (W.D. Ky. March 2, 2007) ($125,000 settlement demand). Here, in contrast, Smith only demanded $65,000. Although the plaintiff in *Osborne* dropped her second settlement demand to $74,000, she also sought punitive damages in her complaint, which the Court also included in its calculation of the amount in controversy. 2007 WL 710131, at *1-2. The possibility of punitive damages was also critical to the court's holding in *Hollon* that the amount in controversy exceed $75,000. 417 F. Supp. 2d at 852. That is because, where the plaintiff demands punitive damages in her complaint, they "must be considered in determining the amount in controversy 'unless it is apparent to a legal certainty that [they] cannot be recovered.'" *Id.* (quoting *Hayes v. Equitable Energy Res. Co.*, 266 F.3d 560, 572 (6th Cir. 2001)). Here, in contrast, Smith did not include a demand for punitive damages in his complaint. R. 1, Attach. 1.

The final case that P&J cites, *Stephens v. Mitsubishi Elec. Auto. Am., Inc.*, No. 01-71443, 2002 WL 551033 (E.D. Mich. March 29, 2002), is also distinguishable. In that case, the defendant produced uncontested evidence that the plaintiff's potential damages award would include back pay at a rate of over $39,000 per year for 18 months, front pay for an indefinite number of years, and compensation for emotional distress. *Id.* at *1. This evidence alone left the court with "little doubt that the $75,000 jurisdictional threshold [was] satisfied." *Id.* The court then rejected the plaintiff's argument that his two offers to settle (for $74,800 and $74,000, respectively) proved that the amount in controversy was actually less than $75,000. *Id.* at *2. Although the court noted that "settlement offers routinely represent a discount from the damages

5

plaintiff will attempt to prove at trial," *id.*, the context in which the court made that statement is completely different from this case. There, the defendant had already established by a preponderance of the evidence that the amount in controversy was satisfied and the plaintiff offered his proffered settlement as proof that the amount in controversy was actually less. Here, in contrast, Smith's demand letter is the *only* evidence of the amount in controversy that P&J has produced. It is not enough.

Thus, because P&J has not established by a preponderance of the evidence that the amount in controversy exceeds $75,000, the Court must grant Smith's motion to remand. But P&J's opportunity to remove this case may not be forever lost. As this Court said in *May*, discovery in state court may yield the concrete evidence establishing the amount in controversy that P&J presently lacks. 2010 WL 4644434, at *6. Perhaps Smith will produce large medical bills, or perhaps an expert will opine that he has suffered extensive injuries. *Id.* The 30-day clock for removal that 28 U.S.C. § 1446(b) prescribes will not start ticking until then. *Id.* ("[T]he 30-day clock stands still 'until the defendant receives discovery responses showing that the amount in controversy exceeds the jurisdictional amount.'") (quoting *King v. Household Fin. Corp. II*, 593 F. Supp. 2d 958, 960 n.2 (E.D. Ky. 2009)). Thus, P&J "will get another bite at the apple if and when the evidence it obtains during discovery in the state court reveals that the amount in controversy more likely than not exceeds $75,000." *Id.*

In addition to remanding this case to state court, Smith also asks the Court to award him attorney's fees under 28 U.S.C. § 1447(c). R. 6, Attach. 1 at 8-9. That statute provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including

attorney fees, incurred as a result of the removal." The Supreme Court has said that, "[a]bsent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). Although this Court has awarded attorney's fees under § 1447(c) where a defendant removes a case with "*no* evidence of the amount in controversy," *Caudill v. Ritchie*, No. 09-28-ART, 2009 WL 1211017, at *4 (E.D. Ky. May 1, 2009) (emphasis added), P&J at least had some evidence. While Smith's demand letter does not establish by a preponderance that the amount in controversy exceeds $75,000, it was not objectively unreasonable for P&J to believe that it would, especially in light of the language that some other courts have used to describe the relationship between settlement demands and amount in controversy. Therefore, the Court will deny Smith's request for attorney's fees.

## CONCLUSION

Accordingly, it is **ORDERED** that Smith's motion to remand, R. 6, is **GRANTED**, but his motion for fees is **DENIED**. This case is **REMANDED** to the Knott Circuit Court and is **STRICKEN** from the Court's active docket.

This the 24th day of January, 2011.



Signed By:
*Amul R. Thapar*
United States District Judge